[No. 6324. Decided November 14, 1906.]

MORAN BROS. COMPANY, *Respondent*, v. CHARLES WATSON, *Appellant*.[1]

PARTNERSHIP—BILLS AND NOTES—EXECUTION—EVIDENCE—SUFFICIENCY. In an action upon a promissory note given by a partnership in aid of the construction of a battleship, in which the testimony of the two partners conflicts as to the authority of one of them to execute the note, the burden of proof upon the plaintiff is sustained where it appears that the construction company was one of the firm's best customers, that the objecting partner was notified that a note had been executed therefor by the other in his absence, and made no objection, and the partner signing the note had no interest in making the subscription individually.

SAME—BOOKS OF ACCOUNT—EVIDENCE—ADMISSIBILITY. In such a case, it is not error to exclude evidence of the copartnership books of account, it being immaterial whether the note was entered thereon in case it had been ratified.

SAME—JUDGMENT—ENTRY AGAINST ONE MEMBER OF FIRM—SERVICE OF PROCESS. One partner cannot complain that judgment for a partnership debt was entered against him alone, where he was the only partner served, knew that his copartner had not appeared, and that judgment would be taken against him alone, and made no motion for a new trial.

FULLERTON, J., dissenting.

Appeal from a judgment of the superior court for King county, Yakey, J., entered December 4, 1905, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action upon a promissory note. Affirmed.

*Jerold Landon Finch*, for appellant.

*James Kiefer*, for respondent.

CROW, J.—The plaintiff, Moran Bros. Company, a corporation, instituted this action on December 7, 1904, against the defendants, Charles Watson and Frank Hanford, copart-

1Reported in 87 Pac. 508.

ners as Watson, Hanford & Company, upon a promissory note in words and figures as follows:

"$250.00          Seattle, Washington, January 16th, 1901.

"If Moran Bros. Company, a corporation, shall bid for and obtain from the United States government a contract for the construction of one of the battleships, construction of which is now under consideration of the government, I promise, for value received, to pay to the order of said corporation, at the Banking House of Puget Sound National Bank in the city of Seattle, on the day upon which said battleship shall be launched into the waters of Puget Sound, the sum of two hundred and fifty dollars in gold coin of the United States, of the present standard of weight and fineness, with interest thereon in like gold coin after maturity until paid at the rate of eight (8) per cent per annum. And, if suit shall be commenced for the recovery of any amount due upon this note, I agree to pay a reasonable attorney's fee in such suit, the amount thereof to be determined by the court in such action.

                              "Watson, Hanford & Co."

The complaint alleged that the plaintiff had obtained a contract for the construction of a battleship which, at the date of the note, was under consideration by the United States government; that it entered upon the work, and that the battleship was, on October 7, 1904, launched in the waters of Puget Sound. The defendant Charles Watson answering separately, denied the execution of the note by the partnership, and affirmatively alleged that the copartnership of Watson, Hanford & Company was organized for the sole purpose of doing a general insurance business; that during its existence its only business was that of general insurance; that never at any time was its business that of constructing battleships or contributing funds to others therefor; that the promissory note was executed by Frank Hanford, without authority to bind the copartnership, and without the knowledge or consent of the defendant Watson. The trial court made findings of fact in accordance with the allegations of the complaint, and refused findings requested by

the defendant Watson. No service having been made upon the defendant Hanford, judgment was entered against the defendant Watson, and he has appealed to this court.

The principal contention of the appellant is that the trial court erred in its findings of fact. The partnership of Watson, Hanford & Company was formed for the general purpose of doing an insurance business, and for no other purpose. The evidence shows, however, that such partnership had entire control of the casualty insurance of the respondent, and also wrote much of its fire insurance, the respondent being one of its best customers. The only witnesses who testified on the main issue were the appellant, Charles Watson, whose deposition was introduced, and his former partner, Frank Hanford, who appeared as a witness on behalf of the respondent. From the latter's testimony, it appears that the appellant, Watson, was temporarily in the East at the time of the giving of the note; that, prior to his leaving Seattle, the two partners had agreed to make a subscription in support of the battleship enterprise; that in pursuance of such agreement, he executed the note in the name of the firm; that upon the return of appellant Watson, the witness Hanford advised him of the execution and amount of the note, and that the appellant assented to and ratified the same. The appellant, Watson, in his deposition, denied that his co-partner, Hanford, was authorized to execute the note, or that appellant ever ratified the same. Appellant now contends that, as the burden of proof was upon the respondent to show not only the execution of the note but also that the same was authorized, and that as testimony affecting the main facts to be proven has been given by one member of the firm and contradicted by the other, the respondent has failed to sustain the burden of proof resting upon it.

We have carefully examined the evidence and conclude it supports the findings made and the judgment entered. While it is true that one witness testified on behalf of the respondent and one on behalf of the appellant, we are of the opinion

that the surrounding circumstances are more consistent with, and corroborate the evidence introduced on behalf of, the respondent. The appellant, Watson, himself admits that, upon his return from the East in the spring of 1901, his partner, Hanford, told him the note had been given, and informed him of the amount of the same. He testifies, however, that Hanford did not advise him that the note had been executed in the firm name, and he seems to have inferred that it was given by Hanford individually. In view of the fact that the respondent, Moran Bros. Company, was one of the best customers of the copartnership, that the note was actually executed in the firm name, and that Hanford actually called the attention of his partner thereto, it strikes us as highly improbable that Hanford intended to obligate himself individually, or that he would have given the firm note without the assent of his partner. There would be no reason for such conduct. When we weigh the positive testimony of Hanford, in which he states that he not only gave the note, but that he also advised his partner, who thereupon ratified his act, we conclude that the surrounding circumstances, which are undisputed, corroborate him, and that the respondent has sustained the burden of proof.

It is contended by the appellant that the trial court erred in refusing to admit in evidence certain books of account kept by the copartnership at the date of the giving of the note, the object being to show that it did not appear thereon as a liability of the firm. Mr. Hanford testified that it was their custom to enter upon the books all bills payable or notes given for money actually received; that in such cases it became necessary to enter the money received, and to make a corresponding entry in the bills payable account. The inference from his testimony is that no entry of the note was made for the reason that no money was received, and we fail to see how the introduction of the books could have been material, there being no dispute as to the absence of any

such entry. A failure to make the entry would not bind the respondent if the note was in fact given and ratified by appellant, which seems to have occurred.

The court made and filed its findings of fact and conclusions of law on December 4, 1905. The judgment was entered on December 7, 1905, against the appellant Watson only. He now contends that some suspicion must attach to the fact that the judgment was entered against him alone, and not against the defendant Hanford, and that this circumstance should be taken into consideration by us on the trial of this case *de novo*. The conclusions of law authorized a judgment against Charles Watson, "the defendant served." There is nothing to show that the defendant Hanford was ever served with process. For a period of three days prior to its actual entry, the appellant knew judgment would be entered against him alone. He made no motion for a new trial, nor did he call this circumstance to the attention of the trial court. He also knew his copartner, Hanford, had not appeared by answer or otherwise. In any event, the appellant has a clear right of action against his copartner to compel contribution if he himself is compelled to pay the note.

We find no error in the record, and the judgment is affirmed.

DUNBAR, HADLEY, and ROOT, JJ., concur.

MOUNT, C. J. and RUDKIN, J., took no part.

FULLERTON, J. (dissenting)—I think the evidence wholly failed to show liability on the part of the appellant. I therefore dissent from the conclusion reached by the majority.